NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4576
_____

UNITED STATES OF AMERICA

v.

JAMAR PURCELL COLES,
                                        Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-07-cr-00210-001)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2010

Before:  SMITH, FISHER and GREENBERG, *Circuit Judges*.

(Filed: June 29, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

    Jamar Purcell Coles pled guilty to attempted possession of cocaine with intent to

distribute and now appeals his conviction and sentence.  His counsel seeks to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We will grant counsel's motion and affirm.[1]

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

Coles negotiated to buy $40,000 worth of cocaine from an individual who was in fact an FBI confidential informant.  Law enforcement officers arrested Coles before the transaction was consummated.  Coles was thereafter charged with one count of attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one forfeiture count.  Coles pled guilty to the attempted possession charge and the government dropped the forfeiture count.  The District Court sentenced him to 130 months' imprisonment and three years' supervised release.  Coles subsequently filed a timely *pro se* notice of appeal.  Counsel has been appointed to represent Coles on appeal and now seeks to withdraw pursuant to *Anders*.

## II.

In this Court, counsel may seek to withdraw representation under *Anders* if, after reviewing the district court's record, he or she is "persuaded that the appeal presents no

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2008). To grant counsel's request, we must be satisfied that counsel "has thoroughly scoured the record in search of appealable issues and . . . explain[ed] why the issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (internal quotation marks and citation omitted). Our "inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the . . . requirements [of 3d Cir. L.A.R. 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). If we determine that "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id.* at 301 (quotation marks and citation omitted).

In this case, counsel's *Anders* brief appears adequate on its face. Counsel presents two arguably appealable issues: (1) whether the District Court's plea colloquy violated the Federal Rules of Criminal Procedure, and (2) whether the District Court's sentence was unreasonable. Coles was invited to file a *pro se* brief and, at his request, was given an extension of time to do so. He has elected not to submit his own brief. Accordingly, we will focus on the issues counsel has submitted for our review.

### A. Plea Colloquy

The first issue counsel has identified is the possibility that the District Court violated Federal Rule of Criminal Procedure 11 during its plea colloquy with Coles. Rule

11 governs guilty pleas generally and obligates district courts to question defendants and advise them of certain rights and consequences before accepting a plea. These obligations are meant to ensure that a plea is knowing and voluntary as well as grounded in fact. We ordinarily exercise plenary review over a district court's compliance *vel non* with Rule 11, *see United States v. Ebel*, 299 F.3d 187, 190-91 (3d Cir. 2002), except where, as here, the defendant fails to object to a purported Rule 11 error, in which case the defendant must meet the plain-error standard by showing that (1) there was an error, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *United States v. Corso*, 549 F.3d 921, 928-29 (3d Cir. 2008).

The record in this case shows that the District Court engaged in an extensive back-and-forth with Coles by asking him a series of questions in an effort to ensure that he understood the nature and consequences of his actions, including the relinquishment of his right to appeal. Coles' answers to these questions reflect his understanding. The Court also asked Coles whether he had been coerced or threatened or whether anyone had promised him anything in exchange for his guilty plea. Coles answered these questions in the negative. The Court also explained at length how Coles' sentence would be calculated and instructed him that the selection of his sentence would be exclusively in the Court's hands. Following this discussion with Coles, the Court expressly found that Coles had "knowingly and intelligently waiv[ed] his rights to trial," and thus accepted his plea. (App. 35.) Because the District Court more than adequately conformed to Rule

4

11's dictates, we see no error, plain or otherwise, in the way it conducted the plea colloquy. *See United States v. Lessner*, 498 F.3d 185, 192-96 (3d Cir. 2007); *cf. United States v. Schweitzer*, 454 F.3d 197, 202-03 & n.4 (3d Cir. 2006). We therefore agree with Coles' counsel that any challenge in this vein would be frivolous.

**B.     Sentencing**

The second issue counsel has identified is the potential unreasonableness of Coles' sentence. We review both the procedural and substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). District courts in this circuit must follow a three-step sentencing process. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Specifically, a district court must (1) calculate a defendant's Guidelines range; (2) rule on any motions for departure, stating the basis for its decisions; and (3) consider the factors in 18 U.S.C. § 3553(a) to determine whether to exercise its discretion and grant a variance. *Id.* "For a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *Lessner*, 498 F.3d at 204 (citation omitted).

Here, the District Court followed the process outlined above in keeping with our precedents. The Court properly calculated Coles' Guidelines range as 130-162 months' imprisonment after granting the government's motion for a downward departure. The Court then heard from Coles, his counsel, and the prosecutor regarding Coles' personal

5

background, and explicitly discussed the nature and circumstances of Coles' offense, his history and characteristics, the need to protect society, and the kinds of sentences available. In light of these considerations, the Court sentenced Coles to 130 months' imprisonment, the bottom of his Guidelines range. On this record, we see no basis for concluding that the District Court's sentence was procedurally unreasonable. Furthermore, because the sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors," *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), we likewise see no reason to upset it on the ground that it is substantively unreasonable. Accordingly, we agree with counsel that this issue is likewise frivolous.

**III.**

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.